THEODORE 'TEMPLE *vs.* FLORENCE A. MORSE.

Middlesex.    March 15, 1901. — March 16, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

A deed granting a right to flow adjoining land of the grantor without words of in-
heritance gives only an estate for life, which is not enlarged by covenants of
warranty in the deed to the grantee and his heirs. And a subsequent deed of
the adjoining land to another with a covenant against encumbrances excepting
the flowage rights of the first grantee, then living, does not except more than
was granted.

TORT to recover damages for an alleged illegal flowing of the
plaintiff's land by the defendant. Writ dated December 21,
1896.

At the trial in the Superior Court, before *Sherman,* J., it ap-
peared that the plaintiff and the defendant owned adjoining
farms situated in the easterly part of Marlborough, and that
in the year 1849 all the land included in both of said farms

belonged to one Levi F. Whitmore, from whom both the plaintiff and defendant claimed title.

The defendant contended that she had succeeded to certain rights of flowage granted by Whitmore to one Stephen R. Phelps, from whom the defendant claimed title. The deed of Whitmore to Phelps was dated November 7, 1849. It conveyed "unto the said S. R. Phelps a certain tract or parcel of land situated on the great road leading to Boston and in the easterly part of said Marlborough containing eleven acres be the same more or less [Description] and as passing in the sale the right to flow the lands of the grantor from the seventh day of October to the first day of the next May annually provided however . . ." [Here followed the definition and limitations of the rights of flowage.]

The habendum clause and covenants were as follows: "To have and to hold the above granted premises with the privileges and appurtenances thereto belonging to the said Stephen R. Phelps to his use and behoof forever. And I, the said Levi F. Whitmore for myself and my heirs executors and administrators do covenant with the said S. R. Phelps his heirs and assigns that I am lawfully seised in fee of the aforegranted premises that they are free from all incumbrances except any right which any person or persons may legally have to a bridle way leading through said premises by virtue of occupancy that I have good right to sell and convey the same to the said Phelps as aforesaid and that I will and my heirs executors and administrators shall warrant and defend the same to the said Phelps his heirs and assigns forever against the lawful claims and demands of all persons."

The plaintiff claimed title through one Marshall Dadmun, who acquired his land from Whitmore by deed of May 1, 1869. The deed contained the following covenant and exception: "And I, the said grantor for myself and my heirs, executors and administrators do covenant with the said grantee and his heirs and assigns that I am lawfully seized in fee simple of the aforegranted premises, that they are free from all incumbrances except the right to flow a small portion of said premises at certain seasons of the year for a particular description of the same, reference can be had to a deed from the grantor to Stephen R.

Phelps dated Nov. 7, 1849 recorded with Middlesex Deeds Book 578 Page 55."

There was evidence tending to show that from one to three acres of the plaintiff's farm were flowed by the defendant's dam during more or less of the time covered by the declaration, but there was no evidence tending to show a flowing in excess of the rights granted in the deed from Whitmore to Phelps if such rights still existed. It appeared that Phelps died in the year 1871.

The defendant asked for instructions based on the defendant's alleged rights of flowage derived from Phelps, and asked the judge to rule that on the evidence the plaintiff was not entitled to recover and that the jury should return a verdict for the defendant. The judge refused to give the instructions requested, and charged the jury in substance, that under the conveyances introduced in evidence the right of Phelps to flow the land now owned by the plaintiff terminated with the death of Phelps, and that the defendant, since Phelps' death, had no right to flow any portion of the plaintiff's land. To this instruction the defendant excepted.

The jury returned a verdict for the plaintiff for the sum of one dollar; and the defendant alleged exceptions.

*J. T. Joslin*, for the defendant.

*J. W. McDonald*, for the plaintiff, was not called upon.

PER CURIAM. The estate conveyed to Phelps was a life estate. The warranty of the premises to Phelps and his heirs did not enlarge the grant. *Blanchard* v. *Brooks*, 12 Pick. 47, 67. *Clanrickard* v. *Sidney*, Hob. 273. The exception in the covenants against encumbrances in the later deed of Whitmore to Dadmun under which the plaintiff claims was not more extensive than the liability created by the deed to Phelps. At the date of the later deed Phelps was alive.

*Exceptions overruled.*